[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By complaint dated September 17, 1998, the plaintiff wife, Maria F. Monteiro commenced this action seeking a dissolution of marriage on the grounds of irretrievable breakdown and other relief. The defendant husband, Jose L. M. Monteiro appeared through counsel. Both parties appeared with counsel on October 4, 1999 and presented testimony and exhibits. The court, after hearing the testimony and reviewing the exhibits, makes the following findings of fact.
The plaintiff wife (whose maiden name was Maria Santos) and the defendant husband intermarried on April 1, 1982 in Batalha, CT Page 1940 Portugal. She has resided continuously in the State of Connecticut for one year next preceding the date of the filing of the complaint. All statutory stays have expired. The parties have three minor children born to the plaintiff wife since the date of the marriage, issue of the marriage: Christopher Monteiro born September 19, 1983; Matthew Monteiro born April 26, 1989 and Joshua Monteiro born December 1, 1993. No other minor child or children have been born to the plaintiff since the date of the marriage. The court further finds that no state or municipal agency has contributed or is contributing to the support of the parties and/or their minor children.
The parties have been married (27) years and have lived separate and apart since August, 1998. The court finds that the marriage has broken down irretrievably. The underlying causes for the breakdown are hereinafter set forth.
The plaintiff was born on November 5, 1957, and presently is 42 years of age. She is physically in good health. During the course of her marriage the plaintiff has enjoyed a modest standard of living due to the earnings of both she and her husband. At present, she is gainfully employed as an assembler for Nomura OCRS. She also does housecleaning on a part-time basis. She completed four years of high school, but her vocational skills are somewhat limited. Since she recently changed her employment it is anticipated that her income will increase slightly when she completes her training program. Other than her interest in the marital assets she has no separate estate. Her needs will be addressed in this memorandum. Her opportunity for future acquisition of capital assets and income is restricted to her earning capacity. Her contribution to the marital assets included the income she received from her employment as well as being the primary caretaker for the minor children.
The defendant was born on April 6, 1957 and presently is 42 years of age. He is in good health. During the course of his marriage the defendant has enjoyed the same modest standard of living as the plaintiff primarily as a result of the employment efforts of both parties. He is presently employed as a machine operator at the Hanson-Whitney Company. He completed high school and emigrated from Portugal following his marriage to the plaintiff. He has difficulty with the English language and needed the services of an interpreter during his testimony. He has been employed most of the period of time since the date of his marriage and presently works approximately 45 hours per week. His CT Page 1941 continued employability is very good. Other than his interest in the marital assets, he has no separate estate. His needs will be addressed in this memorandum. His opportunity for future acquisition of assets and income is limited to his earnings. He has been the primary wage earner for his family.
The plaintiff offered the following credible testimony. She was residing in the United States at the time of her marriage to the defendant. In addition to her immediate family she has numerous relatives living in this country including siblings, aunts and uncles and cousins whereas the defendant's family lives in Portugal. For all of her married life she has been gainfully employed on a full-time basis as a laboratory technician and has worked a second part-time job cleaning a house for a doctor. She was employed with Anderson Laboratories but in September she changed her employment to Nomura. As a result of the change she sustained a reduction in her hourly wage of $2.13. However, upon her completion of training she expects to receive an increase and also return to her cleaning job. Her current financial statement reflects both her full and part-time employment.
The parties children attend Catholic schools and are doing very well. The plaintiff will make every effort to keep the children in private schools but needs help from her husband to do so. At the present time the defendant rarely sees the children by his own choice.
There was no testimony by the plaintiff as to the causes of the breakdown of the marriage except that the parties argued often and the defendant walked out three times in the last five years and was gone a full year shortly after the parties married. At times the plaintiff would ask the defendant to leave.
The defendant offered the following credible testimony. Following his marriage and emigration to the United States the defendant has been gainfully employed on a full-time basis and until recently held a part-time job parking cars. A review of his financial affidavit and a recent pay stub indicates that on a 45 hour work week the defendant's gross earnings are $716.00 per week and this amount forms the basis of the court's computation of child support. Contrary to the testimony of the plaintiff the defendant claims that he intends to reside in the United States. He cites his long work history as evidence of this.
The defendant claims that he did a lot of work on the marital CT Page 1942 residence but acknowledged that the plaintiff also helped. The defendant expressed concern about his ability to maintain a separate residence.
The court has considered all of the statutory factors concerning custody, visitation, alimony, division of property and other pertinent statutes, earnings and earning capacity differentials, causes for the breakdown of the marriage (both parties being equally at fault) and the consequences of the financial awards set forth below. The court, with jurisdiction in this matter finds that the statutory stays have expired and the facts set out in the complaint are proven true. Judgment shall enter dissolving the marriage of the parties on the ground of irretrievable breakdown. It is further ordered that:
1. Custody of the Minor Children
a. The parties shall share joint legal custody of the minor children, Christopher Monteiro, Matthew Monteiro and Joshua Monteiro.
b. The primary residence of all of the children shall be with the plaintiff mother.
c. The defendant father shall have rights of reasonable visitation with the children.
2. Child Support
The defendant shall pay the plaintiff the sum of $212.00 per week in child support. Said sum is in accordance with the child support guidelines. As additional child support the defendant shall pay the plaintiff $30.00 per week to be applied towards the children's tuition at Catholic schools, both elementary and secondary. The parties shall exchange federal income tax returns annually while the child support and/or alimony orders contained in this judgment are in force and effect. The returns shall be exchanged within 5 days of filing by mailing a copy of said return to the other party.
3. Medical Insurance
The defendant shall maintain medical insurance for the benefit of the minor children as available through his place of employment. The plaintiff shall pay 62% and the defendant 38% of CT Page 1943 the children's reasonable and necessary unreimbursed or uncovered medical, dental, orthodontic, optical, opthamological, psychological and/or psychiatric expenditures for the minor children.
4. Life Insurance
Each party shall maintain their present life insurance available through their present or future places of employment naming the minor children as irrevocable beneficiaries until the minor children reach the age of majority.
5. IRS and State Tax Exemptions
The plaintiff shall be entitled to claim Joshua Monteiro and the defendant Christopher Monteiro and Matthew Monteiro as defendants for federal and state income taxes for each calendar year beginning calendar year 1999.
6. Medical Insurance Coverage for Plaintiff and Defendant
Each party shall maintain his or her medical insurance as available through any present or future places of employment. The plaintiff shall, if she so elects, have the right to obtain insurance coverage through the defendant's medical insurance plan at his place of employment pursuant to the provisions of COBRA at her election and expense. The defendant is further ordered to execute any and all documents necessary to effectuate this provision of the paragraph.
7. Alimony
The defendant shall pay to the plaintiff periodic alimony of $1.00 per year for a period of eight and one-half years. Said alimony shall be non-modifiable as to duration, subject, however, to termination upon the occurrence of the first of the following events prior to said eight and one-half year termination date.
a. Death of either party.
b. Remarriage of the plaintiff.
c. Cohabitation by the plaintiff as provided by Connecticut General Statutes § 46b-86 (b). CT Page 1944
8. Marital Residence
The court finds that the fair market value of the marital residence located at 141 Glendale Avenue, Hartford, Connecticut is $72,000.00 based upon the appraisal of Howard A. Jubrey, Jr. dated August 2, 1999 (Plaintiff's Exhibit 1). The first mortgage upon the property is in dispute. The financial affidavit of the plaintiff lists the amount as $15,700.00. The defendant lists the amount as $23,000.00.
The defendant shall quitclaim to the plaintiff all of his right, title and interest in the marital residence to the plaintiff. The plaintiff shall pay and hold the defendant harmless from any liability on the first mortgage.
The plaintiff shall execute a promissory note in favor of the defendant secured by a mortgage to be placed upon and payable upon the occurrence of the first of the following events.
a. Death of the plaintiff.
b. Remarriage of the plaintiff
c. Cohabitation by the plaintiff as provided by Connecticut General Statutes § 46b-86 (b).
d. When the youngest minor child graduates from high school.
e. When the plaintiff no longer uses the marital residence as the residence of the minor children.
The amount of the promissory note shall be 40% of the difference between $72,000.00 less the value as of December 31, 1997 of the defendant's Har-Conn Chrome pension and the unpaid principal balance of the existing first mortgage. The note shall bear interest at the rate of 5% per annum.
9. Automobiles
The plaintiff shall have all right, title and interest in and to the 1989 Pontiac Bonneville and the defendant shall have all right, title and interest in and to the 1989 Pontiac LeMans. Each party shall execute whatever documents are necessary to carry out this order. CT Page 1945
10. Bank Accounts
The parties shall divide equally all of their bank accounts including checking accounts, savings accounts and certificates of deposit whether in their individual names or owned jointly.
11. Liabilities
Each party shall be responsible for the payment of the liabilities listed on their respective financial affidavits (except the Sears bill which shall be the defendant's sole responsibility) and shall hold the other harmless therefrom.
12. Deferred Compensation Plans
The plaintiff shall retain her 401K plan and the defendant shall retain his Har-Conn Chrome pension and his 401K plan at the Taylor and Fenn Company.
John R. Caruso, J.